LODGE, RESPONDENT, v. THORPE ET AL., APPELLANTS.

No. 8723

Submitted April 3, 1947. Decided June 13, 1947.

181 Pac. (2d) 598

Mr. Albert Anderson, Mr. Lester H. Loble and Mr. Henry Loble, all of Helena, for appellants. Mr. Anderson argued the cause orally.

Mr. Fred W. Schmitz, of Townsend, for respondent. Mr. Schmitz argued the cause orally.

MR. JUSTICE CHOATE delivered the opinion of the court.

This is an action to quiet title to 50 acres of land in Broadwater county, lying along the Missouri River near Townsend. The court gave judgment quieting title in plaintiff. Two of the defendants, Johannes Roempp and his wife, Fair Roempp, appeal.

The chain of title to the property in question subsequent to patent was found by the trial court as follows: Northern Pacific Railway Company to Johannes Roempp; Johannes Roempp to W. D. Kyle (now deceased); W. D. Kyle to Arnet E. Johnson; Arnet E. Johnson and wife to Florence O. Rankin; Florence O. Rankin to plaintiff herein. The court also found that the deed from W. D. Kyle to Arnet E. Johnson and the deed from Arnet E. Johnson and wife to Florence O. Rankin have been lost but that they were valid and subsisting deeds and that they transferred the property.

Aside from assignments of error relating to reception of evidence, defendants advance two main contentions: First, that the conveyance from Johannes Roempp to W. D. Kyle was given to secure payment of an indebtedness and was in legal effect a mortgage; that said indebtedness was paid before Kyle conveyed to Johnson and that this payment closed out Kyle's title so that he had nothing to convey to Johnson, thus causing a break in the chain of title relied on by plaintiff. Second, that plaintiff was not a bona fide purchaser for value.

Our consideration of this case leads us to conclude that it must be decided on other grounds than those above indicated.

Effect of deed from Roempp to Kyle. Counsel for appellants correctly states that "the whole case hinges on the transaction between Roempp and Kyle." With this statement we agree and we are thereby compelled to the conclusion that the chain of conveyances upon which plaintiff relies to quiet the title in him is "no stronger than its weakest link" and that link is the quitclaim deed acknowledged January 27, 1920, which Johannes Roempp gave to W. D. Kyle. The record discloses that Johannes Roempp entered into a contract with the Northern Pacific Railway Company for the purchase of the land in question in the year 1919. He made all the payments on said contract and received a deed on April 28, 1924, from the Northern Pacific Railway Company for the land in question. This deed was lost before being recorded and on June 4, 1945, the Northern Pacific Railway Company gave Roempp a quitclaim deed for said land which was duly recorded.

On January 27, 1920, Johannes Roempp gave to W. D. Kyle a quit claim deed for the property involved in this action. Following is a copy of said deed, omitting only the acknowledgement:

"I, Johannes Roempp (unmarried), of Butte, Montana, in consideration of one dollar now paid, and other good and valuable considerations, receipt whereof is hereby acknowledged, grant to W. D. Kyle of said Butte, Montana, all of my right, title and interest in the real property situated in Broadwater County, State of Montana, described as follows: Lots one (1), Three (3), Seven (7), and ten (10) in section seventeen (17), Twp. 6 N., R. 2 E. "Together with all the rights and appurtenances thereunto belonging.

"Johannes Roempp."

As will be observed, said instrument is a quitclaim deed without any habendum clause and purports to convey only the grantor's interest in the property. The word "grant" which is contained in said deed in nowise changed its nature or made

it anything except a quitclaim deed. Neither did the words "together with all the rights and appurtenances thereunto belonging" add anything to what is contained in the granting clause. They were qualified by the language contained in the granting clause and in any event such rights and appurtenances are mere incidents of the property itself and "the transfer of an incident to a thing does not transfer the thing itself." Sec. 6857, Rev. Codes of Montana 1935. Roempp himself, called as a witness for plaintiff, testified that he gave said deed to Kyle as security for the payment of an indebtedness and that in February, 1921, he paid Kyle what he owed him. At the time Roempp gave the quitclaim deed to Kyle he had paid "one payment maybe two possibly one" on his contract with the Northern Pacific (which contract specified a purchase price of $350) and he testified that the only interest he had in the property "was in the purchase contract, that is all, one-sixth of the payments."

The effect of this quitclaim deed from Roempp to Kyle was ▮ to convey only Roempp's interest in the property. Devlin on Real Estate, 3rd Ed., Vol. 1, p. 42, sec. 27, discussing the effect of quitclaim deeds, states the law as follows: "By the use of this form of conveyance (the grantor) does not thereby affirm the possession of any title." As was said by the court in Williams v. Reid, Mo. Sup., 37 S. W. (2d) 537, 540: "Probably nothing is better understood in the law of conveyancing than that a mere quitclaim deed transfers and is designed to transfer only such title and interest as the grantor had when he delivered the deed." To the same effect is Gibson v. Morris State Bank, 49 Mont. 60, 140 Pac. 76.

When in 1920, Roempp gave the quitclaim deed to Kyle, he ▮ had no interest in the property except an equitable right to acquire the land from the Northern Pacific Railway Company upon completing the payment of the balance of the original purchase price (about $250). This is the only right which passed under Roempp's deed to Kyle and the latter failed to assert or protect that right. From January 27, 1920, until he

conveyed the property in August, 1939, some nineteen years later, Kyle did nothing whatever to protect the purchase contract with the Northern Pacific. Roempp, on the contrary, continued to make the payments on said contract and ultimately received a deed from the Northern Pacific in 1924, which was later replaced by one given June 4, 1945.

The rule as to the effect of quitclaim deeds as an estoppel against the grantor is stated in 21 C. J. 1073, section 35, as follows: "A mere quitclaim deed does not ordinarily operate as an estoppel against the grantor, but operates as a release of only such interest as the maker has, or such as may be specifically named. Nor does a deed of this character estop the grantee to dispute the grantor's title or seizin, or the quality of the title, or to deny that anything passed by the instrument." See also, 31 C. J. S., Estoppel, sec. 18.

Substantially the same rule is stated in 58 A. L. R. 360 and in 144 A. L. R. 561. See also Brown v. Harvey Coal Corp., D. C. 49 F. (2d) 434.

The rule also is that such deeds do not confer on the grantee a new and independent title subsequently acquired by the grantor. On this point the rule is stated in 21 C. J. 1081, section 47, as follows: "A conveyance by bargain and sale, release, or the like, which does not purport to convey any estate or which conveys a present estate, or the right, title, and interest of the grantor, and without covenants of warranty or seizin, passes only such a title as the grantor has at the time of its execution and delivery, and will not operate to confer on the grantee a new and independent title subsequently acquired by the grantor. This because the estoppel is co-extensive with the estate, right, or interest which its conveyance purports to pass." See also, 31 C. J. S., Estoppel, sec. 22.

We do not overlook the fact that when a vendor has contracted to convey a particular interest in the land, he may be estopped to acquire an interest inconsistent with that which he has contracted to convey. See 66 C. J. 1031, section 777.

So far as the facts of this case are concerned, we do not con-

sider that rule controlling. Had Roempp contracted to convey to Kyle a particular estate or interest in the land in question the title which he subsequently acquired from the Northern Pacific might have been regarded as held in trust for Kyle's benefit to the extent of the interest which Roempp had agreed to convey to him, although we do not now pass upon that question. When, however, as in this case, Roempp's deed gave no notice or indication of the estate or interest intended to be conveyed, we do not think that the rule concerning the holding of after-acquired title in trust for the benefit of a prior purchaser is applicable.

It is our conclusion that the quitclaim deed of January 27, 1920, given by Johannes Roempp to W. D. Kyle did not estop the grantor Roempp from subsequently acquiring title to said land from the Northern Pacific under its deeds to him of April 28, 1924, and June 4, 1945, and that the plaintiff is not shown to be entitled to a decree quieting title to said property in him, since the only effective conveyance of the land from Johannes Roempp was his quitclaim deed of September 17, 1941, to his wife.

In view of the conclusion reached it becomes unnecessary to discuss appellant's further assignments of error.

The judgment is reversed with directions to dismiss plaintiff's action.

Mr. Chief Justice Adair, and Associate Justices Cheadle, Angstman, and Metcalf, concur.